**BLANK ROME LLP**
*A Pennsylvania LLP*
KEVIN C. RAKOWSKI, ESQUIRE
NJ ID: 023511997
MICHAEL P. TRAINOR, ESQUIRE
NJ ID: 2932010
301 Carnegie Center/ 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Wells Fargo Bank, N.A. as Trustee for the Lehman Mortgage Trust 2007-5 Trust Fund,<br><br>Plaintiff,<br><br>v.<br><br>Judy Krantz, et al.;<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO.: 2-13-cv-2628<br><br>**NOTICE OF MOTION TO REMAND AND MOTION, IN THE ALTERNATIVE, TO DISMISS** |

TO:     David M. Schlachter, Esquire
        David M. Schlachter, LLC
        279 Main Avenue
        Passaic, NJ 07055
        Attorney for Defendants

PLEASE TAKE NOTICE that on Tuesday, January 21, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorney for Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Lehman Mortgage Trust 2007-5 Trust Fund ("Plaintiff"), will move before the Honorable Esther Salas for an Order granting Plaintiff's Motion to Remand and Motion, in the Alternative, to Dismiss Pursuant to Fed. Civ. P. 12(b)(6).

PLEASE TAKE FURTHER NOTICE that Plaintiff will rely upon its Brief and Certification of Michael P. Trainor, Esq., submitted herewith. A proposed form of Order is also enclosed.

140383.00993/12373215v.2

Oral Argument is requested only if opposition papers are timely filed and served.

**BLANK ROME LLP**
A Pennsylvania LLP

Dated: December ___, 2013

_Michael P. Trainor /s/_____
Michael P. Trainor, Esquire
_Attorney for Plaintiff_

140383.00993/12373215v.2

**BLANK ROME LLP**
*A Pennsylvania LLP*
Kevin C. Rakowski
NJ Attorney ID # 023511997
Michael P. Trainor
NJ Attorney ID # 2932010
301 Carnegie Center – 3rd Floor
Princeton, NJ 08540
(609) 750-7700
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Wells Fargo Bank, N.A. as Trustee for the Lehman Mortgage Trust 2007-5 Trust Fund, | CIVIL ACTION |
| Plaintiff, | DOCKET NO.:  2:13-cv-2628 |
| v. | |
| Judy Krantz, et al., | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND AND MOTION, IN THE ALTERNATIVE, TO DISMISS DEFENDANTS' COUNTERCLAIMS AND STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES, PURSUANT TO FED. R. CIV. P. 12(b)(6)

**On the Brief**
Kevin C. Rakowski
Michael P. Trainor

140383.00993/22272958v.3

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

FACTUAL BACKGROUND...................................................................................1

MOTION FOR REMAND - LEGAL ARGUMENT .................................................4

    I.    Standard of For Removal .................................................................4

    II.   Removal Is Improper Because There is No Diversity of Jurisdiction ............................5

IN THE ALTERNATIVE – MOTION TO DISMISS.................................................5

LEGAL ARGUMENT.............................................................................................6

    III.   Standard of Review for a Motion To Dismiss Pursuant To Rule 12(b)(6).......................6

    IV.   Defendants' Second, Tenth, Eleventh and Fourteenth Defenses Must Be Stricken Because Plaintiff Has Standing To Foreclose As Evidenced By The Valid Assignment Of Mortgage Executed Prior To The Filing Of This Action. ............7

    V.   Defendants' Affirmative Defenses and Counterclaims Based on Common Law Fraud Must Be Dismissed Because Defendants Fail To State Any Facts Suggesting Fraud and Fail to Plead the Elements of Fraud. ...........................8

    VI.   Defendants' Seventh Defense and Thirteenth Counterclaim, Based On Alleged Non-Compliance With The FFA, Must Be Stricken. .....................................10

    VII.  Defendants' FDCPA Counterclaim Should be Dismissed Because it is Vague, Conclusory, Unsupported, and Insufficiently Pled. ........................................11

    VIII.  Defendants' Sixteenth Affirmative Defense Must Be Dismissed Because It is Nothing But A Bald Statement of Violations Of Several Statutes And Is Unsupported By Any Facts. ...........................................................11

    IX.   To The Extent Defendants Attempt to Assert A Violation of HAMP, Such Allegations Must Be Stricken Because Defendants Have Made Nothing More Than A Bald Assertion And Passing Reference To Such Claim. ...................................12

    X.   All Remaining Affirmative Defenses Must Be Stricken And The Remainder of Defendants' Counterclaims Must Be Dismissed Because They Are Entirely Unsupported By Any Facts. ....................................................13

    XI.   CONCLUSION.........................................................................13

140383.00993/22272958v.3

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................................................6, 7

*BAC Home Loans Servicing, LP v. Durelli,*
    2012 N.J. Super. Unpub. LEXIS 1732 (Ch. Div. July 18, 2012)...........................................7, 8

*Banco Popular North America v. Gandi,*
    184 N.J. 161, 876 A.2d 253 (2005)..........................................................................................9

*Barows v. Chase Manhattan Mrtg. Corp.,*
    465 F. Supp. 2d 347 (D.N.J. 2006) ...........................................................................................9

*Batoff v. State Farm Insurance Co.,*
    977 F.2d 848 (3rd Cir. 1992) .....................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................................................6, 7

*Boyer v. Snap-on-Tools,*
    913 F.2d 108 (3rd Cir. 1990) .....................................................................................................4

*Brown v. Francis,*
    75 F.3d 860 (3d. Cir. 1996).........................................................................................................4

*Carden v. Arkoma Assocs.,*
    494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).............................................................5

*City of Chicago v. International College of Surgeons,*
    522 U.S. 156 (1997)....................................................................................................................4

*Deutsche Bank Nat'l Trust Co. v. Mitchell,*
    422 N.J. Super. 214 (App. Div. 2011) ....................................................................................7, 8

*Erie R. Co. v. Tompkins,*
    304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)......................................................................7

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009)........................................................................................................7

*FTC v. Check Inves., Inc.,*
    502 F.3d 159 (3d Cir. 2007)......................................................................................................11

*Gennari v. Weichert Co. Realtors,*
    148 N.J. 582, 691 A.2d 350 (1997)............................................................................................9

ii

*Griggs v. BIC Corp.*,
   981 F.2d 1429 (3d Cir. 1992).................................................................................7

*Jewish Ctr. Of Sussex County v. Whale*,
   86 N.J. 619, 432 A.2d 521 (1981).........................................................................9

*Laborers Int'l Union v. Foster Wheeler Energy*,
   26 F.3d 375 (3d Cir. 1994)..................................................................................12

*Maio v. Aetna, Inc.*,
   221 F.3d 472 (3d Cir. 2000)..................................................................................7

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997)............................................................................6, 12

*Orlick v. J.D. Carton & Sons, Inc.*,
   144 F. Supp. 2d 337 (D.N.J. 2000) ......................................................................4, 5

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993)................................................................................7

*Phat Van Le v. Univ. of Med. & Dentistry of N.J.*,
   No. Civ. A. 09-2632, 2010 WL 1896415 (3d Cir. 2010)........................................2

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)..............................................................................6, 7

*Pollice v. Nat'l Tax Funding, L.P.*,
   225 F.3d 379 (3d Cir. 2000)...............................................................................11

*Prudential Ins. Co. of Amer. V. Eisen*,
   No.Civ.A.11-05872, 2012 WL 876747 (E.D. Pa. Mar. 15, 2012)............................2

*Rosebud Holding, L.L.C. v. Burks*,
   995 F. Supp. 465 (D.N.J. 1998) ...........................................................................5

*Shamrock and Gas Corp. v. Sheets*,
   313 U.S. 100 (1941).............................................................................................4

*Simmons v. City of Phila.*,
   947 F.2d 1042 (3d Cir. 1991)..............................................................................12

*Slimm v. Bank of America Corp.*,
   Slip Copy, 2013 WL 1867035 (D.N.J. 2013) ......................................................11

*State of New Jersey v. City of Wildwood*,
   22 F. Supp. 2d 395 (D.N.J. 1998) .........................................................................4

iii

*U.S. Bank N.A. v. Guillaume*,
    209 N.J. 449 (N.J. 2012) ........................................................................................10

*Wells Fargo Bank, N.A. v. Ford*,
    418 N.J. Super. 592 (App. Div. 2011) ....................................................................7

*Wilson v. Republic Iron & Steel Co.*,
    257 U.S. 92, 42 S.Ct. 35 (1921) .............................................................................4

**STATUTES**

15 U.S.C. § 1692, et seq. .................................................................................................11

28 U.S.C. §1332 et seq. ................................................................................................1, 5

28 U.S.C. § 1447(c) .....................................................................................................4, 5

N.J.S.A. § 2A:50-56 et seq. ............................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ...........................................................................................................7

Fed. R. Civ. P. 12(b)(6) ............................................................................................2, 6, 7

Fed. R. Civ. P. 12d ............................................................................................................2

Fed. R. Civ. P. 56 ..............................................................................................................2

140383.00993/22272958v.3

## PRELIMINARY STATEMENT

As an improper means of stalling the legitimate foreclosure action of Plaintiff Wells Fargo Bank, N.A. as Trustee for the Lehman Mortgage Trust 2007-5 Trust Fund ("Plaintiff" or "Wells Fargo") that was initially filed in the state court of New Jersey, defendants Judy Krantz and David Pruzansky (hereinafter collectively, "Defendants") have improperly sought to remove this foreclosure action pursuant to 28 U.S.C. §1332.   The district court lacks subject matter jurisdiction because Defendants have failed to show complete diversity.   Further, the notice of removal filed by the Defendants is defective because all defendants have not assented to removal.  As such, removal was improper and this matter should be remanded.

To the extent your Honorable Court determines that remand is not proper, Defendants' Counterclaims and Affirmative Defenses are supported by no facts as Defendants rely solely on mere statements of legal conclusions.   As such, all of Defendants' Counterclaims must be dismissed and their Affirmative Defenses should be stricken.

## FACTUAL BACKGROUND

Defendants borrowed $649,950.00 from American Mortgage Network, Inc. ("AMNI") pursuant to a Note they executed on or about February 9, 2007, with an initial interest rate of 6.500% per annum ("the Note").   (See *Complaint* at ¶1.)   A true and correct copy of the Complaint is attached to the Trainor Certification at Exhibit A.   The Note is payable in monthly installments beginning on April 1, 2007 and continuing the first day of each month thereafter until all principal and interest are fully paid.   (See *Complaint* at ¶1; See also the true and correct copy of the Note that is attached to the Trainor Certification as Exhibit B.)   Pursuant to the Note, the final payment of all principal and accrued interest and all applicable fees and expenses, if not yet paid, is to be due March 1, 2037.   (See *Complaint* at ¶1; Trainor Cert. at Ex. B.)

1

140383.00993/22272958v.3

Also on or about February 9, 2007, to secure repayment of the Note, Defendants executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for American Mortgage Network, Inc., a Delaware Corporation ("the Mortgage"), on the real property located at 648 Black Oak Ridge, Wayne, New Jersey 07470 (the "Property"). (See *Complaint* at ¶¶1-2 and *Answer* at ¶¶1-2; Also, a true and correct copy of the Mortgage is attached to the Trainor Certification as Exhibit C.) The Mortgage was recorded on March 9, 2007 in the Office of the Register of Passaic County at Mortgage Book M8700, Page 65. (See *Complaint* at ¶2; *Answer* at ¶2; and Trainor Cert. at Exhibit C.)

As evidenced by an assignment of mortgage dated June 19, 2012 that was recorded on August 6, 2012 in the Office of the Register of Passaic County at Book AS377, Page 266 (the "Assignment"), ownership of the Note and Mortgage was conveyed from MERS as Nominee for American Mortgage Network, Inc., a Delaware Corporation to Plaintiff. (See *Complaint* at ¶4; A true and correct copy of the Assignment is attached to the Trainor Certification as Exhibit D.)

Defendants failed to make the required monthly payments starting with the payment due February 1, 2012 and defaulted on the Mortgage. (See *Complaint* at ¶6.) To date, the loan remains in default. *Id.* Accordingly, on or about April 10, 2012, a separate Notice of Intent to Foreclose ("NOI") was sent to both of the Defendants. True and correct copy of the NOI that were sent to each Defendant are attached to the Trainor Certification collectively as Exhibit E. [1]

On or about April 24, 2013, Plaintiff instituted this foreclosure action by filing a Complaint for Foreclosure (the "Complaint") in the Superior Court of New Jersey, Chancery

---

[1] Admittedly, the NOI was not attached to the Complaint. However, Rule 12d of the Federal Rules of Civil Procedure provides, in pertinent part, that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." As such, the court can consider the inclusion of the NOI for purposes of this Motion. *See also, Prudential Ins. Co. of Amer. V. Eisen,* No.Civ.A.11-05872, 2012 WL 876747, at *3 (E.D. Pa. Mar. 15, 2012)(*citing Phat Van Le v. Univ. of Med. & Dentistry of N.J.,* No. Civ. A. 09-2632, 2010 WL 1896415, at *4 (3d Cir. 2010).

2

Division, Passaic County at Docket No. F-006735-13. Defendants, in an improper attempt to avoid the inevitable, i.e., the foreclosure of the Property, filed an improper Notice of Removal (the "Notice") on April 24, 2013. Attached to the Trainor Certification as Exhibit F is a copy of the Notice. On or about November 7, 2013, Defendants filed an Answer, Affirmative Defenses, and Counterclaims (the "Answer"), a copy of which is attached to the Trainor Certification as Exhibit G. The unsupported Affirmative Defenses and Counterclaims set forth in Defendants' Answer are as follows:

| AFFIRMATIVE DEFENSES | | COUNTERCLAIMS | |
|---|---|---|---|
| 1. | Failure to state a cause of action | 1. | Violation of unspecified Federal and State Statutes |
| 2. | Lack of Standing | 2. | Fraud |
| 3. | Improper Venue | 3. | The Loan violates public policy |
| 4. | Lack of Jurisdiction | 4. | Violation of unspecified Federal and State Statutes |
| 5. | Lack of Jurisdiction | 5. | Loan payments were collected via fraud |
| 6. | Improper Service | 6. | The procedure for obtaining the security for the loan violates unspecified Federal and State statutes, and public policy |
| 7. | Failure to provide proper Notice of Intent to Foreclose | 7. | The loan was enforced and payments collected in violation of Federal and State statutes. |
| 8 | Failure to comply with Federal and State Statutes' Notice requirements | 8. | Plaintiff has ruined Defendants' credit |
| 9. | Failure to comply with unspecified Federal and State Statutes | 9. | Because of the collection of the Loan, Defendant incurred monetary damages |
| 10. | Lack of Standing | 10. | Because of the collection of the Loan, Defendant was wrongfully made to plead in court |
| 11. | Lack of Standing | 11. | The foreclosure as brought on fraudulent premises |
| 12. | Fraud | 12. | Unclean hands |
| 13. | Fraud | 13. | Violation of the NJFFA and FDCPA |
| 14. | Standing | 14. | Plaintiff has wrongfully encumbered the property |
| 15. | Failure to state a claim | 15. | The litigation is frivolous. |
| 16. | Violations of the FDCPA, TILA, HOEPA, | | |

3

| RESPA, FHA, CFA, NJHSA, NJFFA and Save new Jersey Homes Act. | |
|---|---|

For the reasons set forth more fully below, this action must be remanded to the state court because the court lacks subject matter jurisdiction.   In the alternative, even if jurisdiction is found to be proper in this District, all of Defendants' Counterclaims must be dismissed and Defendants' litany of unsupported Affirmative Defenses must be stricken because Defendants have set forth no facts to support any of their bald legal conclusions.

<u>MOTION FOR REMAND - LEGAL ARGUMENT</u>

**I.     Standard For Removal**

It has been long held that the party who seeks removal has the burden to establish sufficient facts to show federal jurisdiction.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921). Also, when considering a motion for remand a court must strictly construe the removal statutes and resolve all doubts in favor of remand.  *See Shamrock and Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Brown v. Francis*, 75 F.3d 860, 865 (3d. Cir. 1996).

The party invoking federal jurisdiction for removal bears a "heavy burden of persuasion" to establish the existence of jurisdiction. *Batoff v. State Farm Insurance Co.*, 977 F.2d 848 (3rd Cir. 1992); *Boyer v. Snap-on-Tools*, 913 F.2d 108, 111 (3rd Cir. 1990).  The removing party must also establish the existence of federal subject matter jurisdiction.  *See State of New Jersey v. City of Wildwood*, 22 F. Supp. 2d 395, 400 (D.N.J. 1998).  If a claim is removed improperly, due to lack of subject matter jurisdiction, the matter must be remanded to state court. *See 28 U.S.C. 1447(c); City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163-164 (1997); *Orlick v. J.D. Carton & Sons, Inc.*, 144 F. Supp. 2d 337, 341 (D.N.J. 2000).  Lastly, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction the

140383.00993/22272958v.3

case shall be remanded." 28 U.S.C. § 1447(c); See also, *Rosebud Holding, L.L.C. v. Burks*, 995 F. Supp. 465 (D.N.J. 1998).

## II.     Removal Is Improper Because There is No Diversity of Jurisdiction

In their Notice the Defendants rely solely on 28 U.S.C. §1332 to establish jurisdiction. (See *Defendants' Notice of Removal* at ¶¶7-9, which is attached to the Trainor Certification as Exhibit E.)  Despite relying only on diversity as their sole ground for removal, Defendants conveniently fail to allege in their Notice whether co-defendant Bank of America, N.A. is a citizen of New Jersey or any other state[2].  As such, the notion that complete diversity has been established is entirely unsupported.

A federal court has original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. 1332(a).  Jurisdiction under 28 U.S.C. 1332(a) requires complete diversity of the parties. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).  Defendants have completely failed to allege whether Bank of America, N.A. is a citizen of New Jersey or another state. As such, there is no evidence currently before the Court to definitively indicate that complete diversity of jurisdiction exits.  Consequently, as Defendants have failed to set forth any alternative basis for jurisdiction, this matter must be remanded.

## IN THE ALTERNATIVE – MOTION TO DISMISS

If the Court determines that remand is not currently proper as a result of the reasons set forth above, in the alternative, Plaintiff respectfully requests that all of Defendants'

---

[2] The Notice of Removal filed by the Defendants is defective because all defendants failed to join in the attempt to remove this action. For removal to be proper, all defendants must join in an attempt to remove the litigation. See, *Orlick v. J.D. Carton & Sons, Inc.*, 144 F. Supp.2d at 342.  Bank of America, N.A. was clearly named as a co-defendant in this action.  To date, Bank of America, N.A. has neither consented to nor joined in the removal.  As such, the Notice was defective.

5

Counterclaims be dismissed and that all of Defendants' Affirmative Defenses be stricken and that this matter be remanded to the Superior Court of New Jersey, Foreclosure Unit to proceed as an uncontested foreclosure.

## LEGAL ARGUMENT

### III.    Standard of Review for a Motion To Dismiss Pursuant To Rule 12(b)(6)

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true.  *Twombly*, 550 U.S. at 555; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); see also *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

The Third Circuit, following *Twombly* and *Iqbal*, has held that the pleading standard of Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'"  *Phillips*, 515 F.3d at 234.  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents:  the complaint, exhibits

6

attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A court need not accept bald assertions, unwarranted inferences or legal conclusions.  *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3d Cir. 2000).  In deciding whether to dismiss a complaint, courts must separate the legal elements and factual allegations of the claim, accepting the well-pleaded facts but disregarding the legal conclusion.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

### IV.   Defendants' Second, Tenth, Eleventh and Fourteenth Defenses Must Be Stricken Because Plaintiff Has Standing To Foreclose As Evidenced By The Valid Assignment Of Mortgage Executed Prior To The Filing Of This Action.

It has been long established that a federal court sitting in diversity must apply the substantive law of the state whose law governs the action. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Griggs v. BIC Corp.*, 981 F.2d 1429, 1431–32 (3d Cir. 1992). Here, the substantive law of New Jersey foreclosures applies to all claims in this *in rem* litigation.  To have standing to proceed with a mortgage foreclosure action in New Jersey, "a party ... must own or control the underlying debt." *Wells Fargo Bank, N.A. v. Ford*, 418 N.J. Super. 592, 598 (App. Div. 2011).  A plaintiff may demonstrate standing to foreclose if it had physical possession of the note prior to instituting foreclosure proceedings. *Deutsche Bank Nat'l Trust Co. v. Mitchell*, 422 N.J. Super. 214, 224 (App. Div. 2011).  A valid mortgage assignment is also sufficient to establish standing to foreclose. *BAC Home Loans Servicing, LP v. Durelli*, 2012 N.J. Super. Unpub. LEXIS 1732, *21-22 (Ch. Div. July 18, 2012) (citing *Mitchell*, 422 N.J. Super. at 225 (App. Div. 2011).[3]

---

[3] A copy of this unpublished case is attached to the Trainor Certification at Exhibit F.

7

The court stated in *Durelli* that, "as an alternate basis" for finding standing, New Jersey courts often look to the relevant assignment of mortgage to determine whether the mortgage was assigned to the foreclosing plaintiff prior to the filing of the foreclosure complaint. *Id.* In *Durelli*, the mortgage assignment to the plaintiff was executed July 20, 2010 and recorded August 10, 2010, and the plaintiff's complaint was filed August 12, 2010. The court held "[t]his assignment is also sufficient to establish Plaintiff's standing to bring this foreclosure action." *Id.* at *22. Similarly, in this matter, Plaintiff has standing to foreclose, as evidenced by the Assignment because the Assignment was recorded on August 6, 2012, more than **six months** before Plaintiff filed for foreclosure in March 2013. (See *Complaint* at ¶¶2(a).)

Despite the fact that the Assignment was clearly recorded prior to the institution of this foreclosure action, throughout their Answer the Defendants baldly assert the general, and mistaken, proposition that Plaintiff lacks standing to foreclose. For instance, Defendants baldly claim that "Plaintiffs have failed to establish they are the proper parties to be suing." (See *Answer* at Second Defense.) Despite this bald assertion, Defendants have failed to cite to any facts to suggest that the Assignment to Plaintiff is invalid. Because a mortgage assignment is an independent basis to establish standing to foreclose, and since Defendants have alleged absolutely no facts to remotely suggest that the Assignment is invalid, Plaintiff has an undeniably enforceable interest. As such, Defendants' Second, Tenth, Eleventh and Fourteenth Defenses must be stricken.

## V.   Defendants' Affirmative Defenses and Counterclaims Based on Common Law Fraud Must Be Dismissed Because Defendants Fail To State Any Facts Suggesting Fraud and Fail to Plead the Elements of Fraud.

"In order to succeed in an action for common law fraud, a plaintiff must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of

8

its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Barows v. Chase Manhattan Mrtg. Corp.*, 465 F. Supp. 2d 347 (D.N.J. 2006); see also, *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 691 A.2d 350, 367 (1997) (citing *Jewish Ctr. Of Sussex County v. Whale,* 86 N.J. 619, 432 A.2d 521, 524 (1981)). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." *Id. (citing Banco Popular North America v. Gandi,* 184 N.J. 161, 876 A.2d 253, 261 (2005)) (citations omitted).

The Defendants' Twelfth Affirmative Defense states, in a conclusory manner, that "Plaintiffs are enforcing a loan based on fraud." (See *Answer* at Defense 12.)   Similarly, Defendants' Thirteenth Affirmative Defense states that "Plaintiffs are trying to foreclose on a loan that has fraudulent terms." (See *Answer* at Defense 13.)   Defendants also allege that "the Loan was obtained via fraudulent acts" [See *Answer* at Counterclaim 2] and that the "Loan payments collected via fraudulent acts" (See *Answer* at Counterclaim 5.)   In addition, Defendants allege that "Because of this Complaint that was brought on fraudulent premises, and because of the threats to Defendant's home, Defendant has suffered monetary and emotional distress damages." (See *Answer* at Counterclaim ¶11.)

Despite these allegations, nowhere in the Answer, Affirmative Defenses, or Counterclaims are any of the foregoing assertions supported by **any** factual allegations, let alone by facts required to support a claim for fraud.  Critically, Defendants fail to identify (a) what misrepresentation was made, (b) from whom or to whom any misrepresentation was made, (c) whether any misrepresentation was knowingly false, (d) whether it was intended that Defendants would rely upon any misrepresentation or that any misrepresentation actually was reasonably relied upon, or (e) whether and how any misrepresentation resulted in damages.   In fact,

9

Defendants fail to cite a **single fact** relevant to any of the foregoing allegations. Without the requisite specificity, and without setting forth the elements of fraud, Defendants' conclusory allegations of fraud should be stricken.

**VI.    Defendants' Seventh Defense and Thirteenth Counterclaim, Based On Alleged Non-Compliance With The FFA, Must Be Stricken.**

In their Seventh Defense and Thirteenth Counterclaim, Defendants baldly claim that Plaintiff did not timely provide a Notice of Intent to Foreclose ("NOI") as required by the New Jersey Fair Foreclosure Act ("FFA"). (See *Answer* at Seventh Defense and Thirteenth Counterclaim.) Despite their allegation, the Answer contains no additional explanation or factual support for Defendants' bald allegation that they did not receive the required NOI. As such, the Defense is insufficiently pled and must be stricken. Moreover, Defendants were provided with the NOI in compliance with the FFA. (See Trainor Cert. at Ex. D.)

The Fair Foreclosure Act ("FFA") requires the lender to give the debtor notice of its intention to foreclose. N.J.S.A. § 2A:50-56(a). The FFA states that the notice "shall clearly and conspicuously state in a manner calculated to make the debtor aware of the situation" eleven specified categories of information. *N.J.S.A.* § 2A:50-56(c); *U.S. Bank N.A. v. Guillaume*, 209 N.J. 449, 587 (N.J. 2012).

As is specifically pled and as was certified by prior counsel with the filing of the Complaint, notice compliant with the FFA was sent to Defendants at least thirty days before the filing of this action. (See *Complaint*, at ¶13.) In fact, the NOI was mailed to both Defendants on or about April 10, 2012, almost **eleven months** before the foreclosure action was initiated. (See Trainor Cert. at Exh. D.) Accordingly, Defendants' allegation that Plaintiff did not provide proper notice under the FFA is entirely unsupported, and the Defendants' Seventh Defense must be stricken and their Thirteenth Counterclaim must be dismissed.

10

140383.00993/22272958v.3

**VII.   Defendants' FDCPA Counterclaim Should be Dismissed Because it is Vague, Conclusory, Unsupported, and Insufficiently Pled.**

Defendants' Thirteenth Counterclaim baldly asserts that Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA") "in trying to collect on the underlying mortgage." (See *Answer* at Counterclaim ¶13.)  The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692, *et seq.* In order to successfully bring a claim under the Act, a plaintiff must show that: (1) the defendant is a "debt collector," and (2) the defendant debt collector engaged in prohibited practices in an attempt to collect a debt." *Slimm v. Bank of America Corp.*, Slip Copy, 2013 WL 1867035 (D.N.J. 2013)[4]; *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *FTC v. Check Inves., Inc.*, 502 F.3d 159, 171 (3d Cir. 2007).

At no point in the Answer do the Defendants assert that Plaintiff is a debt collector.  They also completely neglect to specify what section of the FDCPA Plaintiff apparently violated.  In short, the Defendants' FDCPA Counterclaim is so devoid of information that Plaintiff cannot ascertain what alleged actions or inactions amounted to wrongdoing, why those actions or inactions were wrong, and how Defendants were allegedly damaged.  As a result, Plaintiff is unable to defend itself from this vague and conclusory accusation.  Plaintiff therefore requests that Defendants' Thirteenth Counterclaim be dismissed.

**VIII.   Defendants' Sixteenth Affirmative Defense Must Be Dismissed Because It is Nothing But A Bald Statement of Violations Of Several Statutes And Is Unsupported By Any Facts.**

In their Sixteenth Defense, Defendants baldly state as follows:

"The Loan in question violates Federal and State Statutes, including the Fair Debt Collection Practices Act, Truth in Lending Act, Homeownership and Equity Protection Act, Real Estate Settlement

---

[4] A copy of this opinion is attached to the Trainor Certification as Exhibit I.

11

Procedures Act, Fair Housing Act, Consumer Fraud Act, New Jersey
Homeownership Security Act, New Jersey Fair Foreclosure Act, and Save
New Jersey Homes Act."

At no point do the Defendants assert any facts to remotely support the above allegation. Rather,
they do nothing more than assert this bald accusation in an obvious attempt to stall the
foreclosure.   Again, a court will not accept bald assertions, unsupported conclusions,
unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.
*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).   Without more,
Defendants' allegations do not meet the requisite standards because they are simply bald
assertions that are supported by absolutely no facts.   Therefore, Defendants' Sixteenth
Affirmative Defense must be stricken.

IX.    **To The Extent Defendants Attempt to Assert A Violation of HARP, Such
       Allegations Must Be Stricken Because Defendants Have Made Nothing More
       Than A Bald Assertion And Passing Reference To Such Claim.**

The Third Circuit has previously recognized that "passing reference" to an issue is
insufficient to put the opposing party on notice that relief is requested as to that particular issue.
*Laborers Int'l Union v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994) (quoting
*Simmons v. City of Phila.*, 947 F.2d 1042, 1066 (3d Cir. 1991)).

At paragraph 25 of their Answer, Defendants baldly assert that "Plaintiff, Lender, and/or
Servicer improperly denied Defendants for the Home Affordable Refinance Program when
Defendants applied.[5]"   As with the entirety of their other claims, Defendants cite to no facts to
remotely support this bald allegation.   They also fail to set forth a separate affirmative defense or
counterclaim arising out of any alleged violation of HARP.   As such, Defendants' passing
reference to HARP must be stricken.

_____
[5] Presumably, Defendants are referring to HAMP in this allegation.

12

140383.00993/22272958v.3

**X.     All Remaining Affirmative Defenses Must Be Stricken And The Remainder
        of Defendants' Counterclaims Must Be Dismissed Because They Are Entirely
        Unsupported By Any Facts.**

Defendants also fail to plead any facts in support of their remaining Counterclaims and
Affirmative Defenses.   Rather, Defendants yet again set forth generic claims and defenses
alleging a plethora of legal conclusions without providing any support for these claims and
defenses.    Defendants' boilerplate recitation of common Affirmative Defenses and
Counterclaims is insufficient to meet the pleading standards that are set forth above.  As a result,
Defendants' remaining Affirmative Defenses, in particular, Defenses 1 and 15 (failure to state a
claim), Defense 3 (improper venue), Defenses 4-5 (lack of jurisdiction), Defense 6 (improper
service), Defenses 7-8 (failure to comply with unspecified federal and State statutes) must be
stricken.

Similarly, Defendants' remaining bald and conclusory Counterclaims, in particular,
Counterclaims 1, 4, 6, 7 (violation of unspecified Federal and State statutes), Counterclaim 3
(violation of public policy), Counterclaim 8 (that Plaintiff has ruined Defendants' credit),
Counterclaim 9 (unspecified damages), Counterclaim 10 (Defendants have been wrongfully
made to plead in court), Counterclaim 12 (unclean hands), Counterclaim 14 (that Plaintiff has
wrongfully encumbered the property) and Counterclaim 15 (that the litigation is frivolous)
should be dismissed.

**XI.    CONCLUSION**

Because Defendants failed to establish complete diversity of the parties, this action must
be remanded due to lack of subject matter jurisdiction.  In the alternative, to the extent the court
determines that remand is not proper, Defendants failed to plead their allegations with the

13

requisite specificity.   As a result, Defendants' Counterclaims must be dismissed and their Affirmative Defense must be stricken.

Following dismissal of Defendants' Counterclaims and Defenses, Plaintiff respectfully requests that this action be remanded to the Superior Court of New Jersey, Chancery Division of Passaic County so that this matter can be transferred as an uncontested foreclosure to the Superior Court's Foreclosure Unit.

Respectfully Submitted,

Dated: December 16, 2013

_Michael P. Trainor /s/_____
Michael P. Trainor, Esquire
**Blank Rome LLP**
One Logan Square
Philadelphia, PA  19103
(215) 569-5500
_Attorney for Plaintiff_

14