NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for the Lehman Mortgage Trust 2007-5 Trust Fund,<br><br>Plaintiff,<br><br>v.<br><br>JUDY KRANTZ, et. al.,<br><br>Defendants. | Civil Action No. 2:13-cv-02628 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Chancery Division, Passaic County, pursuant to 28 U.S.C. § 1441 and § 1446. (Notice of Motion for Remand, ECF No. 7). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **granted**.

I.   BACKGROUND AND PROCEDURAL HISTORY

This action involves residential foreclosure proceedings commenced by Wells Fargo Bank, N.A. as trustee for the Lehman Mortgage Trust 2007-5 Trust Fund (hereinafter "Plaintiff") against Judy Krantz, Ms. Krantz's unnamed husband, David Pruzansky, Mr. Pruzansky's

unnamed wife, and Bank of America (collectively, the "Defendants"). (Complaint, ECF No. 1-1). Plaintiff operates through its servicing agent ONEWEST BANK, FSB, which is located at 888 E. Walnut Street, Pasadena, CA 91101. (Id. at 1). On February 9, 2007, American Mortgage Network, Inc. executed to David Pruzansky and Judy Krantz (hereinafter the "Individual Defendants") a Note (hereinafter "Note") securing the sum of $649,950.00, payable on March 1, 2037 with the initial interest rate of 6.5000% annum. (Id. at 2). To secure the payment of the Note, the Individual Defendants executed to Mortgage Electronic Registration Systems, Inc. as nominee for American Mortgage Network, Inc., a Mortgage (hereinafter "Mortgage") on the real property located at 648 Black Oak Ridge, Wayne, NJ 07470 (hereinafter "the Property"). (Br. in Support of Motion to Remand, ECF No. 7, at 9). The Note and Mortgage were then assigned to Plaintiff on June 19, 2012. (Id.). The Individual Defendants allegedly failed to make the required monthly payments starting with the payment due on February 2, 2012 and therefore defaulted on the Mortgage. (Id.). On April 10, 2012, Plaintiff sent the Individual Defendants a Notice of Intent to Foreclose ("NOI"). (Id.).

On March 6, 2013, Plaintiff filed a Complaint for Foreclosure in the Superior Court of New Jersey, Passaic County, Chancery Division, bearing the docket number F-006735-13 (the "State Court Action"). (Complaint, ECF No. 1-1). The Individual Defendants then filed a Notice of Removal asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1, at 2). Then, on or about November 7, 2013, Defendants filed an Answer, Affirmative Defenses, and Counterclaims (the "Answer").

As a response, Plaintiff moved to remand this case to the New Jersey Superior Court on January 21, 2014, arguing in brief that the Individual Defendants' Notice of Removal was improper since there is no diversity of jurisdiction. (Notice of Motion to Remand, ECF No. 7, at

12). Plaintiff primarily argues that since the Individual Defendants failed to allege in their Notice whether the co-Defendant Bank of America, N.A., is a citizen of New Jersey or any other state, there can be no grounds for removal based on diversity jurisdiction. (Id.). Defendants filed a brief in opposition to Plaintiff's Motion to Remand on January 13, 2014, contending that this matter should remain in the United States District Court because Defendants Answer asserts a counterclaim seeking relief under federal law. (Opp. to Pl.'s Motion to Remand, ECF No. 9, at 6).[1] Plaintiff filed a reply on January 22, 2014, arguing, in part, that Defendants may not establish federal question subject matter jurisdiction over this case and thereby overcome the motion to remand by asserting federal counterclaims post-removal. (Reply to Defendants' Response in Opposition, ECF No. 13, at 3).

## II.    LEGAL STANDARD – REMOVAL AND REMAND

Section 1441(a) of Title 28 of the United States Code permits a party to remove a civil action from state court to federal court if the federal court has original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The United States District Court has original subject matter jurisdiction over all civil actions where the amount in controversy must exceed $75,000 and the action must be between citizens of different states. 28 U.S.C. §1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only "if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). These requirements are known as "complete diversity" and the "forum

---

[1] Defendants also argue that Plaintiff's motion for remand should be denied as untimely under 28 U.S.C. §1447(c), as Plaintiff did not file its application within thirty days of removal. The Court notes that the thirty day limitation applies only to motions made "on the basis of any defect other than lack of subject matter jurisdiction." As Plaintiff's motion is premised on Defendants' failure to establish subject matter jurisdiction, Defendants' argument lacks merit.

3

defendant rule," respectively. Complete diversity prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 148 (3d Cir. 2009). An action may also be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1441(a). This is commonly known as "federal question jurisdiction."

Additionally, a removing defendant must comply with a procedural requirement set forth in 28 U.S.C. §1446(b)(1), which requires that party to file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009). In matters removed solely on the basis of federal question jurisdiction under 28 U.S.C. §1441(a), the removing defendant is also required to gain the consent of any and all other defendants properly joined and served in the action. 28 U.S.C. §1446(b)(2)(A).

The Court notes that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III. ANALYSIS

Defendants removed this case claiming that the United States District Court could exercise original subject matter jurisdiction over Plaintiff's claims on diversity grounds. (Notice of Removal, ECF No. 1, at 2). Specifically, Defendants contend that because the amount in controversy exceeds $75,000 and Plaintiff is not a citizen of the same state as any of the Defendants, this court has original subject matter jurisdiction based upon complete diversity pursuant to 28 U.S.C. §1332. (Id. at 2). The Court notes that Defendants did not, and could not, assert federal question jurisdiction as a basis for removal.

4

Plaintiff argues that the Individual Defendants' Notice of Removal was defective because it did not indicate whether co-Defendant Bank of America, N.A. is a citizen of New Jersey or any other state for diversity purposes. (Notice of Motion to Remand, ECF No. 7, at 12). In opposing remand, Defendants argue that the District Court has subject matter jurisdiction over this case, as they have now plead Counterclaims seeking relief under federal law. (Opp. to Pl's Motion to Remand, ECF No. 9, at 6).

### A.     Diversity Jurisdiction

The forum defendant rule, codified at 28 U.S.C. §1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. §1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Defendants' Notice of Removal indicates that Defendants Judy Krantz and David Pruzansky are both citizens of the forum state (New Jersey). (Notice of Removal, ECF No. 1, at 2). As such, Defendants are statutorily barred by the forum defendant rule from removing this case to the United States District Court solely on diversity grounds.

Defendants' attempt to defeat remand based on the fact that their Counterclaims purport to assert claims under federal law also fails. "The presence or absence of a federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Palmer v. Univ. of Med. & Dentistry of N.J., 605 F. Supp. 2d 624, 632 (D.N.J. 2009) (finding that in an employee action against employer and supervisor raising a state law retaliation claim, employers could not remove action based solely on supervisor's cross-claim alleging that his employment was terminated in violation of the First Amendment). Moreover,

5

"for both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." Id. at 633 (quoting Redevelopment Agency of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003)); see also Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013) ("[t]he removability of a legal matter is determined from the plaintiff's pleadings at the time of removal"). Indeed, the Unites States Supreme Court has found, in no uncertain terms, that a counterclaim asserting a federal cause of action is not sufficient to establish "federal question" jurisdiction under 28 U.S.C. §1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002).

The Individual Defendants freely admit that they removed this matter solely on diversity grounds because no federal question existed at the time of removal. (Opp. to Pl.'s Motion to Remand, ECF No. 9, at 9). With their Answer, however, Defendants filed Counterclaims asserting federal questions of law. (Id.). As discussed above, that is not sufficient to establish federal question jurisdiction under 28 U.S.C. §1331.

### B. Claims of Improper Removal, Timeliness of Motion to Remand and Motion to Dismiss in the Alternative

Because this case must be remanded based on Defendants' basic failure to establish subject matter jurisdiction at the time of removal, the Court need not address the parties' remaining arguments regarding remand. Likewise, as the Court lacks subject matter jurisdiction over this matter, it will not address the merits of Plaintiff's Motion to Dismiss at this time.

6

### IV.  **CONCLUSION**

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 7), be granted and that this matter be remanded back to the New Jersey Superior Court, Chancery Division, Passaic County.

*/s/ Joseph A. Dickson*
Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.